**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0714n.06
Filed: October 3, 2007

**Case No. 06-3329**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| TERRY HRONEK, | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| UNITED STATES OF AMERICA, | ) | DISTRICT OF OHIO |
| | ) | |
| Respondent-Appellee. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

**BEFORE:  BATCHELDER and DAUGHTREY, Circuit Judges; ROSEN,[*] District Judge.**

**ALICE M. BATCHELDER, Circuit Judge.**  A federal grand jury indicted Terry Hronek and two co-defendants for conspiracy to possess marijuana with the intent to distribute, in violation of 21 U.S.C. §§ 846 & 841(a)(1), and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  Hronek pleaded guilty to both counts of the indictment and the court sentenced him to 125 months in prison.  The plea agreement required him to forfeit various properties, including a home located on Lake Rockwell Road in Ravenna, Ohio.  Hronek's lawyer had erroneously advised Hronek that he would be able to repurchase this home and the government had also indicated that such a repurchase was possible.  But after signing the plea agreement and pleading guilty, Hronek discovered that 21 U.S.C. § 853(h) prohibited him from repurchasing forfeited property.  On December 19, 2002, the district court filed its 35-page final order of forfeiture.

---

[*]Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

Following an unsuccessful direct appeal, Hronek moved the district court to "Vacate, Set Aside, or Correct Sentence," pursuant to 28 U.S.C. § 2255, based on "ineffective assistance of counsel during plea negotiations," due process violations, newly-discovered evidence, and *United States v. Booker*. The district court denied the petition, explaining that Hronek was not prejudiced by his lawyer's ignorance about the forfeiture laws because "the letters petitioner provides in which his attorney discusses the erroneous application of the forfeiture laws are all dated *after* he entered his plea," and "[o]ther than petitioner's self-serving affidavit, there is simply no evidence that petitioner's counselor provided erroneous advice prior to the time he changed his plea." The court also found that "the vacation taken by petitioner's attorney did not result in ineffective assistance of counsel. Rather, it was petitioner's own inability to provide assistance, which resulted in the government ceasing its cooperation efforts with petitioner." The court found that Hronek had procedurally defaulted on his alleged due process violations by failing to raise them on direct appeal, and that his alleged "newly discovered evidence" was neither newly discovered nor exculpatory. Finally, the court explained that *Booker* does not apply retroactively. Hronek appealed.

After carefully reviewing the record, the law, and the parties' briefs, we conclude that the district court's opinion correctly sets out the applicable law and correctly applies that law to the facts contained in the record. The issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.

2